IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ZACHARY STEPHEN REEDER,

    Petitioner,

v.                                                                                                           No. 22-cv-533-KG-KRS
                                                                                                          No. 17-cr-2904-KG-SMV-1

UNITED STATES OF AMERICA,

    Respondent.

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Petitioner Zachary Stephen Reeder's 28 U.S.C. § 2255 habeas petition. (CR Doc. 78; CV Doc. 1) (the "Motion"). Reeder asks the Court to vacate his federal convictions for, inter alia, firearm violations, assaulting federal officers. The Court will require Reeder to show cause why his Section 2255 Motion should not be dismissed for failure to file within the one-year statute of limitations.

**Procedural Background**

In a series of events spanning May through July 2017, Reeder, a convicted felon, traveled from Arizona to New Mexico with firearms and ammunition, hit and threatened to shoot his girlfriend/travelling companion, robbed two banks at gun point, led officers and agents of various state and federal law enforcement agencies on a high speed chase in a stolen vehicle, and intentionally rammed that vehicle into the front end of an FBI vehicle occupied by two agents. (CR Doc. 52 at 8-10). Reeder pled guilty to nine counts of a ten-count indictment stemming from these incidents in September 2018. (CR Docs. 52, 53). The Court sentenced Reeder to 25 years imprisonment on June 11, 2019 and entered its judgment and sentence the same day. (CR Docs. 63-64). Reeder sought to appeal the judgment over six months later; the appeal was dismissed as

untimely. (CR Doc. 70). On January 27, 2021, the Court entered an amended judgment to correct a clerical mistake pertaining to restitution. (CR Doc. 76). Reeder did not appeal the amended judgment. Reeder filed the Motion over seventeen months later. (CR Doc. 78; CV Doc. 1). As grounds for relief he argues, among other things, that counsel rendered ineffective assistance by advising him to enter into the plea agreement which, he contends, violates the double jeopardy clause of the Fifth Amendment to the United States Constitution. (CV Doc. 1 at 1-6). He seeks to nullify the plea agreement and proceed to trial. (CV Doc. 1 at 7).

### Initial Review of the § 2255 Motion

The Motion is governed by Habeas Corpus Rule 4 and 28 U.S.C. § 2255. Habeas Corpus Rule 4 requires a *sua sponte* review of § 2255 claims. "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the petition." Habeas Corpus Rule 4(b). "If the motion is not dismissed, the judge must order the United States Attorney to file an answer...." *Id.* As part of the initial review process, "district courts are permitted ... to consider, *sua sponte*, the timeliness of a … habeas petition." *Day v. McDonough*, 547 U.S. 198, 209 (2006).

Section 2255 motions must generally be filed within one year after the defendant's conviction becomes final. *See* 28 U.S.C. § 2255(f). The one-year limitation period can be extended where:

(1) The inmate was prevented from making a motion by "governmental action in violation of the Constitution or laws of the United States...." § 2255(f)(2);

(2) The motion is based on a "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." § 2255(f)(3); or

(3) The inmate could not have discovered "the facts supporting the claim … through the exercise of due diligence." § 2255(f)(4). Equitable tolling may also available "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his [or her] control." *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000).

Here, the amended judgment was entered on January 27, 2021. (CR Doc. 76). The Court assumes without deciding that it triggered a new appeal period. The amended therefore became final no later than February 11, 2021, following the expiration of the 14-day appeal period. *See United States v. Burch*, 202 F.3d 1274, 1277 (10th Cir. 2000) (a conviction is final when the time for filing a direct appeal expires); Fed. R. App. P. 4(b)(1)(A) (defendant's notice of appeal in a criminal case must be filed within fourteen days after the entry of judgment). There was no case activity in the year that followed, and limitation period expired on February 14, 2022. Accordingly, Reeder's § 2255 Motion, filed July 19, 2022, appears time-barred.

The Court will require Reeder to show cause within thirty (30) days of entry of this Order why his § 2255 Motion should not be dismissed. Failure to timely comply may result in dismissal of the habeas action without further notice.

**IT IS ORDERED** that within thirty (30) days of entry of this Order, Zachary Stephen Reeder must file a response showing cause, if any, why his § 2255 Motion should not be dismissed as untimely.

_____
UNITED STATES MAGISTRATE JUDGE